## Glenn BARNUM v. STATE of Arkansas

CR 79-190                          594 S.W. 2d 229

Supreme Court of Arkansas

Opinion delivered March 3, 1980

*John W. Walker,* P.A., by: *James P. Massie,* for appellant.

Steve Clark, Atty. Gen., by: *Joseph H. Purvis,* Deputy Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Chief Justice. Appellant Barnum was sentenced to a term of 20 years for aggravated robbery and a term of 24 years for attempt to commit capital murder after trial to a jury, which found him guilty of those offenses. He seeks reversal on the ground that the trial court erred in denying his motion for a mistrial. The motion was based upon the return of a verdict by the jury which appeared to be a finding of not guilty but which provided for a sentence to a term of years. After the motion of appellant's attorney for a mistrial was denied, the trial judge directed the jury to return to the jury room and continue its deliberations and decide what it wanted to do or what it had done. Since we find no abuse of discretion in the denial of the motion, we affirm the judgment.

When the jury first returned to the courtroom, after more than an hour of deliberations, the trial judge asked the foreman if the jury had reached a verdict. When the judge recieved an affirmative answer and was told that this verdict was unanimous, the foreman, at the judge's request, handed the written verdict to the clerk, who immediately handed it to the judge. The judge promptly stated that the verdict seemed

ambiguous and unclear. Then, as he was directing the jury to return and reconsider, appellant's attorney asked to see the verdict. It was after the attorneys were permitted to examine the written verdict that the judge directed the jury to take the verdict back, read it, give it to the foreman and make a decision as to what it wanted to do and what it had done. When he asked if there was any objection, appellant's attorney moved for a mistrial. The judge denied the motion and directed the jury to return to the jury room and continue its deliberations. Three minutes later the jury returned to the courtroom with the verdict upon which the appellant was sentenced. Before the verdict was handed to the clerk, the judge asked the foreman if the jury had reached a verdict and received an affirmative answer. The judge then asked whether the verdict spoke what the jury originally had in mind and the foreman responded affirmatively. The verdict was then handed to the clerk and read by the clerk at the judge's direction. It was in proper form but the judge, on his own motion, directed that the jury be polled. Each juror then stated his name and the words, "This is my verdict." The judge then asked, "Anyone to the contrary?" When appellant's attorney wanted the jury interrogated further, the judge asked the jury whether it was the intention of any member of the jury, when it first returned from the jury room, to return a verdict of not guilty as to either count. Each member of the jury then responded, "No," or moved his head. The judge then asked if it was correct that the verdict returned reflected the jury's verdict, and each juror moved his head or answered, "Yes."

Of course, we do not have a reproduction of the verdict as it was first brought to the courtroom. It is obvious from the colloquy among the judge and the attorneys that the jury had been provided with a form of verdict with a statement that it found appellant guilty of one charge and fixed his punishment at a term to be determined by the jury and then a statement that the jury found the appellant not guilty of that charge followed by the same statements as to the other charge. It is also obvious that the jurors, or their foreman, had filled in the blanks following the statements that appellant was guilty of each offense with a term of years to be served but that the foreman had signed his name under the

lines stating that appellant was not guilty. Although the state contends that the foreman signed both the form showing a finding of guilty and that indicating a finding of not guilty, we cannot be sure of that from the discussion. The judge properly found the verdict ambiguous.

A mistrial is a drastic remedy and resort is to be made to it only in cases where prejudice cannot otherwise be removed. *Cobb* v. *State,* 265 Ark. 527, 579 S.W. 2d 612; *Limber* v. *State,* 264 Ark. 479, 572 S.W. 2d 402. The trial court has a broad latitude of discretion in deciding whether to grant a mistrial. *Wright* v. *State,* 243 Ark. 221, 419 S.W. 2d 320. See also, *Alexander* v. *State,* 264 Ark. 11, 569 S.W. 2d 106. The trial court's exercise of discretion will not be disturbed on appeal in the absence of abuse or manifest prejudice. *Cobb* v. *State,* supra. The declaration of a mistrial is appropriate only if justice cannot be served by a continuation of the trial. *Foots* v. *State,* 258 Ark. 507, 528 S.W. 2d 135.

Not only do we fail to find any abuse of discretion, we feel that the trial judge acted with propriety in the premises. In *Gilchrist* v. *State,* 100 Ark. 330, 140 S.W. 260, we said:

> *** All the cases concur that the jury have full power over their verdict, and may amend it, or recede from it, at any time before it has been received and recorded, and themselves have been discharged from the case. ***

Amendment of a verdict, made before it is entered of record, before the jury has separated, and after a poll of each juror reveals that each understands the effect of the verdict, is entirely proper. *House* v. *State,* 230 Ark. 622, 324 S.W. 2d 112. See also, *Holden* v. *State,* 156 Ark. 521, 247 S.W. 768. Over 75 years ago, we said that it was no longer questioned that a jury may amend its verdict to conform to its finding and to put it in proper form at any time before they have separated and before the verdict has been entered of record and the jury discharged. *Hamer* v. *State,* 104 Ark. 606, 150 S.W. 142. Even after a jury had been discharged, but before the jurors had dispersed, or mingled with bystanders at the trial, a recall of the jurors and a direction to them to retire and amend a defective verdict, over the objection of the accused, was held

to be proper performance of the duty of the trial judge. *Levells v. State,* 32 Ark. 585. In the cited case, we relied upon a British case sustaining a verdict reached after the jurors had been directed to again retire three or four minutes after the original ambiguous verdict had been recorded following the trial judge's statement in open court that it constituted an acquittal. We have said that to reverse a judgment because of the amendment of a verdict to conform to the intention of the jury, when it is clearly established by poll of the jury resulting in an answer by each individual juror that the amended verdict is his own, would put form above substance. *Cain v. State,* 183 Ark. 606, 37 S.W. 2d 708; *Stinson v. State,* 125 Ark. 339, 189 S.W. 49; *Gilchrist v. State,* supra. See also, *Frick v. State,* 177 Ark. 404, 6 S.W. 2d 514; *Hamer v. State,* supra; *Byars v. State,* 259 Ark. 158, 533 S.W. 2d 175.

The trial judge acted appropriately in the circumstances and to have declared a mistrial would have been an abuse of discretion. See *United States v. Thomas,* 521 F. 2d 76 (8 Cir., 1975).

The judgment is affirmed.

MAYS, J., not participating.