## Glenn BARNUM *v.* STATE of Arkansas

CR 79-190                                      637 S.W.2d 534

Supreme Court of Arkansas
Opinion delivered July 6, 1982

*Robert A. Newcomb,* for petitioner.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for respondent.

PER CURIAM. Petitioner Glenn Barnum was convicted in the Circuit Court of Pulaski County of attempted capital murder, Ark. Stat. Ann. § 41-701, 1501 (Repl. 1977), and aggravated robbery, Ark. Stat. Ann. § 41-2102 (Repl. 1977). He was sentenced to a term of 24 years imprisonment for attempted capital murder and a term of 20 years imprisonment for aggravated robbery with the sentences to run consecutively. We affirmed. *Barnum* v. *State,* 268 Ark. 141, 594 S.W.2d 229 (1980). Petitioner now seeks permission to proceed in circuit court for postconviction relief pursuant to Arkansas Criminal Procedure Rule 37 for the purpose of vacating or setting aside his 20 year sentence for aggravated robbery.

Petitioner alleges that it was improper for him to be

convicted and sentenced for attempted capital murder and aggravated robbery since aggravated robbery was the underlying specified felony to the charge of attempted capital murder. He asserts, *inter alia*, that the conviction and sentence for aggravated robbery violates Ark. Stat. Ann. § 41-105 (Repl. 1977).

When a criminal offense, by its definition, includes a lesser offense, a conviction cannot be had for both offenses. § 41-105. *Rowe* v. *State*, 275 Ark. 30, 627 S.W.2d 16 (1982); *Simpson* v. *State*, 274 Ark. 188, 623 S.W.2d 200 (1981); *Swaite* v. *State*, 272 Ark. 128, 612 S.W.2d 307 (1981). Section 41-105, supra, reads in pertinent part:

(1) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense, if:

(a) one offense is included in the other as defined in subsection (2):

(2) A defendant may be convicted of one offense included in another offense with which he is charged. An offense is so included if:

(a) it is established by proof of the same or less than all the elements required to establish the commission of the offense (required to establish the commission of the offense) charged; or

(b) it consists of an attempt to commit the offense otherwise included within it; or

(c) it differs from the offense charged only in the respect that a less serious risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish its commission.

In proving the elements of attempted capital murder, it is

necessary to prove the elements of aggravated robbery. *Rowe v. State, supra.* Therefore, in light of our recent holdings in regard to Ark. Stat. Ann. § 41-105 in *Rowe, Simpson* and *Swaite, supra,* we hold that the sentences imposed on petitioner were in excess of the maximum sentence authorized by law. In accordance with Rule 37.1, we therefore set aside petitioner's conviction and sentence for the lesser included offense of aggravated robbery. *Rowe v. State, supra.* The conviction and sentence for attempted capital murder are not disturbed. Since the conviction and sentence for aggravated robbery are set aside, an evidentiary hearing in circuit court, as requested by the petitioner, becomes unnecessary.

Petition granted in part and denied in part.