Mike WALL *v.* STATE of Arkansas

CR 86-43                                                715 S.W.2d 208

Supreme Court of Arkansas
Opinion delivered September 15, 1986

*Ed McCorkle*, for appellant.

*Steve Clark*, Att'y Gen., by: *William F. Knight*, Asst. Att'y Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant, Mike Wall, was charged with rape in that he had engaged in deviate sexual activity with his stepdaughter, then ten years old. The sufficiency of the evidence is not questioned, it being undisputed that Wall fondled the child and caused her to perform an act of oral sex upon him. The jury found the defendant guilty and fixed his punishment at 40 years' imprisonment. Three points of error are argued, but they are all without merit.

It is first argued that defense counsel should have been supplied with funds for the employment of a psychiatrist and a psychologist to assist in the presentation of an insanity defense. The trial court had granted a defense request that Wall be sent to the State Hospital for a mental examination. There Wall was examined by a psychiatrist and a psychologist. In a joint report they found that he had a dysthymic disorder (a tendency to despondency) and a mixed personality disorder with antisocial and passive-aggressive traits. The doctors found that Wall appeared to be aware of the nature of the charges, that he was capable of cooperating effectively in his defense, and that at the time of the commission of the offense he did not lack the capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law. The report provides no basis for the defense of mental disease or defect, as defined by

Ark. Stat. Ann. § 41-601 (Repl. 1977).

After the hospital report had been filed defense counsel made their motion for funds, stating merely that they anticipated raising the defense of insanity and that the requested funds were necessary to provide for that defense. No facts were stated to suggest any basis for the defense. The motion was denied. At a pretrial hearing counsel renewed the motion, but again no facts were stated or proffered. The motion was again denied.

Under our prior cases the denial of the motion was proper, because Wall's rights were adequately protected by the examination at the State Hospital, an institution which has no part in the prosecution of criminals. *Andrews* v. *State*, 265 Ark. 390, 578 S.W.2d 585 (1979); *Hale* v. *State*, 246 Ark. 989, 440 S.W.2d 550 (1969). An indigent defendant's constitutional right to an examination by a psychiatrist was recently discussed in detail in *Ake* v. *Oklahoma*, 105 S.Ct. 1087 (1985). There the Supreme Court emphasized the risk of error, absent a psychiatric examination, "when the defendant's mental condition is seriously in question." As far as our present case is concerned, the Court stated the appropriate rule as follows: "When the defendant is able to make an *ex parte* showing to the trial court that his sanity is likely to be a significant factor in his defense, the need for the assistance of a psychiatrist is readily apparent." P. 1097. Here there was no showing, either before or during the trial, that Wall's sanity was seriously in question.

The appellant's second and third arguments relate to his confession, which was introduced by the State. We have reviewed the testimony and find no basis for disagreeing with the trial judge's conclusion that the taped statement was voluntary. Wall was warned of his Miranda rights. Both the deputy prosecutor and the police officer who were present when the statement was taken testified that Wall cried at times and appeared to be upset, but he freely admitted his guilt and said he was ready to take his punishment. The verbatim transcription of the statement confirms the other proof of voluntariness. There is no indication of coercion.

The last argument is that the trial court did not delete all inadmissible portions of the statement before it was read to the jury. The statement was in question-and-answer form, just as it

took place, and there were implications that Wall had previously engaged in similar conduct with this same stepdaughter. Under our law, however, direct proof of Wall's earlier sexual relations with the child would have been admissible in evidence. *Williams v. State,* 156 Ark. 205, 246 S.W. 503 (1922); *Williams* v. *State,* 103 Ark. 70, 146 S.W. 471 (1912). The trial court was right in not deleting the implication of facts that might have been proved outright.

Affirmed.