Thomas DUNN *v.* STATE of Arkansas

CR 86-146                                              722 S.W.2d 595

Supreme Court of Arkansas
Opinion delivered January 26, 1987

*Henry C. Morris*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. In this criminal case, appellant, an indigent, was convicted of burglary, theft of property, and being a felon in possession of firearms. He was sentenced as a habitual offender, receiving a total of fifty years imprisonment. He urges one point for reversal: the trial court erred in failing to order the State to provide him with an independent psychiatrist. To support his argument, appellant cites *Ake* v. *Oklahoma*, 470 U.S. 68 (1985). We disagree and, therefore, affirm.

The majority Court in *Ake* held that, when a defendant has made a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial, the Constitution requires that a State provide access to a psychiatrist's assistance

on this issue, if the defendant cannot otherwise afford one.[1] We have considered the rule in *Ake* in two recent cases, *White* v. *State*, 290 Ark. 130, 717 S.W.2d 784 (1986) and *Wall* v. *State*, 289 Ark. 570, 715 S.W.2d 208 (1986), and in each, we affirmed the trial court's finding that the appellant failed to make an *ex parte* showing that his sanity would be a serious issue at trial.

Here, appellant argues he met his *ex parte*-threshold showing that sanity would be an issue, entitling him to the assistance of an independent psychiatrist, by his (1) personal letter to the trial judge reflecting he had been treated for mental illness which caused his illegal behavior; (2) notice of intent to raise mental disease or defect as a defense; and (3) motion to invoke the constitutional right enunciated in *Ake*.[2]

First, we note that appellant was given a psychiatric examination by the State Hospital; however, he still perceives under *Ake* that he is entitled to the assistance of a psychiatrist who is unaffiliated with the state or county. We believe he misinterprets *Ake*. As we pointed out in *Wall* v. *State, supra*, the Supreme Court in *Ake* emphasized the risk of error, absent a psychiatric examination, "when the defendant's mental condition is seriously in question." Here, as was the situation in *Wall*, the trial court ordered, upon appellant's raising the defense of mental disease or defect, the State Hospital to evaluate appellant's capacity to assist in his defense and to determine the state of his sanity on the date the alleged offense occurred. That evaluation, under Arkansas law, is required by a defendant merely filing a notice that he intends to rely upon the defense of mental disease or defect or that he will put in issue his fitness to proceed. *See* Ark. Stat. Ann. § 41-605 (Repl. 1977). We recounted in *Wall* that, under our prior cases, Wall's rights were adequately protected by the examination at the State Hospital, an institution which has no part in the prosecution of criminals. *Wall, supra*, at 289. *See also* Ark. Stat. Ann. § 43-1301 (Supp. 1985).

---

[1] A concurring opinion expressed the Court's holding should not be read to reach noncapital cases, and a dissent was entered indicating one Justice's view that he would limit the rule to capital cases.

[2] His letter related numerous instances when he was arrested, charged with crimes, examined and declared mentally ill, but the trial courts, he claimed, refused in each case to give him psychiatric help.

The Oklahoma law challenged in *Ake* simply fell short of safeguards assured a defendant under Arkansas law. The trial court here, acting pursuant to § 41-605, ordered the appellant evaluated by the State Hospital which diagnosed the appellant as suffering from episodic-alcohol abuse and an antisocial personality disorder. The hospital further reported that, at the time of the commission of the alleged offense, appellant possessed the capacity to appreciate the criminality of his conduct.

■ We hold the appellant's constitutional rights were duly protected in accordance with the dictates of *Ake*.

Accordingly, we affirm.