**Ricky Lynn BURCHETT, Albert Toner, Jr., James Abney, Appellants,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

July 24, 1987.

Discretionary Review Denied by Supreme Court Sept. 15, 1987.

Kathleen Kallaher, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, for appellants.

David L. Armstrong, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

Before COOPER, HOWARD and MILLER, JJ.

COOPER, Judge.

This is an appeal from judgments convicting the appellants, Ricky Lynn Burchett, Albert Dewayne Toner, and James Abney of second-degree escape and sentencing them to three years, three years, and one and one half years, respectively. As a result of such convictions, Toner and Abney were convicted of being persistent felony offenders in the first degree for which they received an additional sentence of ten years' imprisonment, and Burchett was apparently convicted of being a persistent felony offender in the first degree for which he was given five years' imprisonment. On appeal, the principal issue is whether the trial court erred, as a matter of law, in reconvening the jury after it had been dismissed in order to correct an ambiguous verdict with respect to the PFO convictions. KRS 532.080. Reviewing the record below, we reverse with directions.

The essential facts involving this action are as follows: In October of 1984, the appellants, along with one David Stokes and Ronnie Case, were indicted by the Logan County Grand Jury for both escape from the Logan County Jail as well as being accomplices to that escape. Specifically, Burchett and Toner were indicted for the escape itself and Abney was charged with being an accomplice to that escape. Additionally, Toner and Abney were charged with being persistent felony offenders in the first degree while Burchett was charged with being a persistent felony offender in the *second* degree.

Subsequent to a trial by jury, Toner and Burchett were convicted of second-degree escape. Abney was found to be an accomplice to the escape and given one and one half years' imprisonment. Thereafter, the bifurcated portion of the trial, to determine the PFO sentencing, began. After the presentation of the evidence, the jury was instructed as to the PFO sentencing. Specifically, it was instructed to find appellant Burchett guilty or not guilty of being a persistent felony offender and, if guilty, to enhance his term of imprisonment to not less than five nor more that ten years' imprisonment. Conversely, it was instructed to find Toner and Abney guilty or not guilty of being persistent felony offenders and, if guilty, to fix their punishment at not less than ten nor more than twenty years imprisonment.

Subsequent to its deliberations, the jury found Burchett guilty and fixed his punishment at five years. Furthermore, it found Toner and Abney guilty—not specifying whether they were guilty of first or second-degree PFO—and sentenced them to ten years' imprisonment. Thereafter, the trial court thanked the jury and dismissed it. After this dismissal, it became apparent to both counsel and the trial court that the jury's verdict with respect to Toner and Abney was ambiguous. Specifically, the verdict forms utilized by the trial court simply allowed the jury to state its recommended term of imprisonment without designating whether the defendants were convicted of first or second-degree PFO. Since both Abney and Toner had been sentenced to ten years' imprisonment—Burchett's sentence of five years meant, by implication that he had been convicted only of PFO II—it could not be determined whether they had been convicted of first-degree or second-degree PFO. As a result, the Commonwealth proposed having the jury return the following morning to correct the ambiguous verdicts.

The jury was allowed the following day to re-deliberate and decide again the question of Abney and Toner's guilt on the PFO portion of the trial. It, in turn, found them guilty of being persistent felony offenders in the first degree, again sentencing them to ten years' imprisonment. Burchett was sentenced to five years' imprisonment on the charge of being a persistent felony offender in the second-degree. It is from such judgments that they now appeal.

Here, notwithstanding the Commonwealth's argument to the contrary, the record is undisputed that the jury had been

dismissed once it entered its original verdict during the PFO portion of the trial. Once the jury entered such verdicts, the trial court stated to them as follows:

THE COURT: Alright, ladies and gentlemen, I thank you very much and everyone in the courtroom please remain seated, and we will *excuse* the jury till tomorrow at nine o'clock. I hate to ask you to come back, but the law says that the defendants are entitled to have all the members of the jury present when they selected a jury. So we will go into *another one* in the morning. Thank you very much. *You're excused.*

(Jury *dismissed.*) [emphasis added]

Given this fact, reversible error occurred when the trial court attempted to correct an ambiguous verdict once the jury had been discharged.

■ Although a trial court has the authority *before* accepting a verdict and before discharging a jury to send it back to correct a mistake in its verdict, it is axiomatic that an ambiguous or incorrect verdict must be corrected prior to the time the jury is discharged. See *United States v. Henson,* 365 F.2d 282 (6th Cir.1966); *Meader v. Commonwealth,* Ky., 363 S.W.2d 219 (1962). Once a jury is discharged, it cannot reassemble if the jurors have separated and have left the presence of the courtroom. See *Denham v. Commonwealth,* 119 Ky. 508, 84 S.W. 538 (1905). If a discharged jury attempts to reconvene to consider a subject previously considered by it it becomes a tainted jury. *Barnum v. State,* 268 Ark. 141, 594 S.W.2d 229 (1980).

■ Here, the jury was not reassembled to further deliberate a question under corrected instructions, but was reassembled to consider the same issue it had previously decided. See *Bogie v. Commonwealth,* Ky., 467 S.W.2d 767 (1971). As such, the second verdict rendered by it, finding Toner and Abney guilty of first-degree PFO violated their right against double jeopardy. *See Green v. United States,* 355 U.S., 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); *Price v. Georgia,* 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970). As such, this action must be remanded to the trial court with directions that a verdict of acquittal be entered on the first-degree PFO charges

for Abney, Toner, and Burchett and a judgment of conviction entered for all appellants on a charge of PFO II. To do otherwise would violate the appellants' Fifth, Sixth, and Fourteenth Amendment rights to the United States Constitution as well as their rights under sections eleven and thirteen to the Kentucky Constitution.

■ Finally, although the appellants argue that they were deprived of a fair and impartial trial as a result of the trial court's refusal to allow the jury to be informed as to the conditions under which they would be eligible for parole following a PFO conviction, it is not within the province of this Court to overrule the decision of the court in *White v. Commonwealth,* Ky.App., 611 S.W.2d 529 (1980). Any change with regard to disclosure in this area should be done by the Supreme Court of Kentucky or by the Legislature. And, although appellant Toner argues that the Commonwealth improperly cross-examined his wife during the substantive portion of the trial, we find that such error was harmless given the nature of the evidence against him.

The judgments of the trial court convicting appellants Toner and Abney of being persistent felony offenders in the first degree are reversed. The trial court is directed to enter judgments of conviction for both appellants Toner and Abney for being persistent felony offenders in the *second* degree only. And, although it is apparent that appellant Burchett was only convicted of PFO II-given his sentence of five years imprisonment-the trial court's "Final Judgment and Sentence of Imprisonment" stated that he was convicted of first-degree persistent felony offender status. In light of the appellant's sentence, the irregularity in the jury's original verdict, and the fact that Burchett was only indicted for PFO II, the trial court is directed to enter a new judgment, reflecting the fact that Burchett was convicted of PFO II, and not PFO I.

All concur.