James SEE *v.* STATE of Arkansas

CR 88-77                    757 S.W.2d 947

Supreme Court of Arkansas
Opinion delivered October 10, 1988

*Kenneth Breckenridge*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. The appellant appeals his conviction of capital murder for the double homicide of his wife and step-daughter. Appellant was sentenced to life imprisonment without parole by the jury. For reversal, he alleges that the trial court erred in the following three ways: (1) in not appointing an independent psychiatrist for psychiatric evaluation; (2) in admitting into evidence certain photographs of the victims; (3) in

rejecting appellant's jury instruction on involuntary intoxication.

At trial, the state's proof clearly showed that the appellant shot and killed the two victims. Appellant's primary defense focused on his chronic alcoholism and the undisputed facts that he had been drinking on the day the shootings occurred and that, after his arrest that day, he was given a breathalyzer test which registered .15.[1] Accordingly, he filed a pretrial motion for a psychiatric examination, and the trial court granted the motion and committed him to the Arkansas State Hospital, where he was evaluated by Dr. Kaczenski. Kaczenski filed an extensive report with the court and concluded that the appellant suffered from a chronic alcohol dependency, but he did not lack the capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law at the time the offense was committed. Kaczenski further said that it was very likely that the appellant was voluntarily intoxicated at the time of the commission of the crime. Appellant contended at trial, and now on appeal, that Kaczenski's evaluation was inadequate and that he failed to explore whether the appellant was involuntarily intoxicated when the offense occurred even though Kaczenski testified, "[I]t is possible he was involuntarily intoxicated." In sum, appellant claims he was entitled to an independent psychiatric evaluation to address this point.

In *Dunn* v. *State*, we held the defendant's right to an examination under *Ake* v. *Oklahoma*, 470 U.S. 68 (1985), was adequately protected by the examination at the state hospital. *Dunn*, 291 Ark. 131, 722 S.W.2d 595 (1987); *see also Parker* v. *State*, 292 Ark. 421, 731 S.W.2d 756 (1987). Also in *White* v. *State*, 290 Ark. 130, 717 S.W.2d 784 (1986), we denied White's request for a private psychiatrist to assist on his defense of voluntary intoxication and stated the mental health personnel, in their diagnoses, had taken into account White's alcohol abuse problem and his intoxication at the time the crime was committed. As we held in *Andrews* v. *State*, 265 Ark. 390, 578 S.W.2d 585 (1979), and reinforced in *White*, the state is not required to furnish expenses for a defendant to shop from doctor to doctor

---

[1] In the Omnibus DWI Act, Ark. Code Ann. § 5-65-103 (1987), establishes 0.10% as the legal intoxication rate.

until he finds one who considers him mentally incompetent. The appellant's situation at hand is controlled by the principles noted in these earlier but recent cases.

While appellant argues that Dr. Kaczenski's evaluation was deficient in several ways, including having seen the appellant only on two occasions, the record reflects that the appellant was observed and treated during a thirty-day period. As the appellant concedes in his argument, Kaczenski's report was extensive, and we further note it met the requirements as prescribed under Ark. Code Ann. § 5-2-305 (1987). Kaczenski thoroughly considered appellant's alcohol and medication abuse problems before giving his opinion that appellant very likely was voluntarily intoxicated when the offense was committed.

In his second argument, appellant claims seven photographs of the victims admitted into evidence were more prejudicial than probative, especially since he did not contest the state's case as to the cause of death of the victims. He further supports his argument as to the inflammatory nature of the photographs by noting one juror was excused from duty because she became ill from viewing them. However, that juror, we note, had told the prosecutor during voir dire of the jury that the presentation of evidence regarding the victims' wounds would greatly bother her. As to his first argument, this court has held that a defendant cannot admit the facts portrayed and thereby prevent the state from putting on its proof. *See Parker* v. *State*, 292 Ark. 421, 731 S.W.2d 756.

Here, the trial judge examined each photograph to which the appellant objected, and made a determination on whether it depicted something not shown by the other photos. The court admitted three photographs which reflected different views of one of the victims as she was found at the crime scene. Four additional autopsy pictures were taken depicting the victims' entry and exit wounds and bruises. The state's expert witnesses used the photographs when giving their testimony concerning the victims' cause of death. From our review of these photographs and the testimony elicited that described their use at trial, we are unable to say the lower court abused its discretion when admitting the photographs into evidence. *See Fitzhugh* v. *State*, 293 Ark. 315, 737 S.W.2d 638 (1987).

Finally, appellant urges the trial court should have given AMCI 4005, the jury instruction on involuntary intoxication. We disagree. Pursuant to Ark. Code Ann. § 5-2-207(a) (1987), intoxication that is not self-induced is an affirmative defense to a prosecution if at the time a person engages in conduct charged to constitute the offense he lacks capacity to conform his conduct to the requirements of the law or to appreciate the criminality of his conduct. Section 5-2-207(b)(2) defines "self-induced intoxication" as intoxication caused by a substance which the actor knowingly introduces into his body, the tendency of which to cause intoxication he knows or ought to know. Under these provisions, the legal issue we must decide narrows to whether the appellant, an alcoholic, has control over his drinking as to make it self-induced.

In *Powell* v. *Texas*, 392 U.S. 514 (1968), the Supreme Court touched on a similar argument to the one the appellant offers here. In *Powell* the defendant was arrested, charged and found guilty of public intoxication. Powell argued to the Supreme Court that, because he was afflicted with the disease of chronic alcoholism, his appearance in public while drunk was not of his own volition and to punish him criminally for such conduct violated the eighth and fourteenth amendments to the United States Constitution. The Court rejected Powell's argument stating the following:

> We are unable to conclude, on the state of this record or on the current state of medical knowledge, that chronic alcoholics in general, and Leroy Powell in particular, suffer from such an irresistible compulsion to drink and to get drunk in public that they are utterly unable to control their performance of either or both of these acts and thus cannot be deterred at all from public intoxication.

Our review of the cases that have considered the involuntary intoxication defense, that the appellant argues here, generally reflects the same or similar rationale as set out in *Powell*. In general terms, most jurisdictions have held that an irresistible compulsion to consume intoxicants caused by a physiological or psychological disability does not render the ensuing intoxication involuntary. *See* Annot., *Involuntary Intoxication as Defense*; 73 A.L.R. 3d 195 § 12(a) (1976); *see, e.g., Evans* v. *State*, 645 P.2d

155 (Alaska 1982) (all intoxication is to be regarded as voluntary unless it is unknowingly or externally compelled); *People* v. *Morrow*, 268 Cal. App. 2d 939, 74 Cal. Rptr. 551 (1969) (when a person takes his first drink by choice and afterwards drinks successively and finally gets drunk, that is voluntary intoxication, even though he may be an alcoholic); *State* v. *Palacio*, 221 Kan. 394, 559 P.2d 804 (1977) (any person, including a chronic alcoholic, who is sane and rational when sober, and who becomes intoxicated by consuming alcoholic beverages is voluntarily intoxicated); *State* v. *Johnson*, 327 N.W.2d 580 (Minn. 1982) (self-induced intoxication by chronic alcoholic constitutes voluntary, rather than involuntary, intoxication); *Shurbet* v. *State*, 652 S.W.2d 425 (Tex. Ct. App. 1982) (alcoholism may not be the basis for the defense of involuntary intoxication).

Being presented with this issue for the first time, we have no hesitancy in holding that drinking to the point of intoxication by an alcoholic is self-induced intoxication and therefore not covered by the involuntary intoxication defense. To hold otherwise would serve only to immunize a certain category of people from prosecution for their criminal conduct because of their addiction to alcohol.

As mandated by Ark. Sup. Ct. R. 11(f), we have reviewed the record for errors prejudicial to the appellant and in finding none, we affirm.