Darrell Allen WILSON *v.* STATE of Arkansas

CR 88-139                                         765 S.W.2d 1

Supreme Court of Arkansas
Opinion delivered February 13, 1989

*Gresham A. Phillips*, for appellant.

*Steve Clark*, Att'y Gen., by: *Jeannette Denhammcclendon*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. A jury found the appellant guilty of the crimes of rape, kidnapping, and first degree battery. He was sentenced to consecutive terms of life, forty years, and twenty years. On appeal he argues that: (1) the court erred in failing to suppress the evidence of a pistol and a blue jean jacket; (2) the court erred in not ordering a full psychiatric examination at the Arkansas State Hospital or providing the appellant with funds to obtain an independent psychiatric examination; and (3) the court erred in not granting defendant's motion for a continuance. Finding no prejudicial error, we affirm the action taken by the trial court.

On December 5, 1987, a gunman entered a grocery store on Highway 5 in Garland County, Arkansas, and demanded and took money from the cash register. He forced the store operator into his car and then drove her to a wooded area in Saline County. There the victim was raped, choked unconscious, and then shot.

During the investigation, it was learned that the appellant spent the night with his friend, James Bishop, and the next morning left his blue jean jacket behind. After the appellant was gone, Bishop picked the jacket up and a Baretta pistol fell to the floor. Fearing involvement in some kind of trouble, Bishop took the jacket and pistol to a vacant lot across the street from his residence and buried them underneath some leaves. He later gave a statement to the police and led them to the scene. The leaves

were raked back, and the police found the jacket with the pistol either inside or underneath it. The statement on the application for the arrest warrant indicated that the pistol had been found in the jacket pocket. However, officers later testified that it was found either underneath or wrapped inside the jacket. Appellant's motion to suppress this evidence as being violative of the Fourth and Fourteenth Amendments was overruled, and the pistol and jacket were entered into evidence. The trial court held that the appellant had no reasonable expectation of privacy in the gun and the jacket under the circumstances of this case.

The appellant first argues that the seizure of the jacket and gun was in violation of the Fourth Amendment restriction against unreasonable searches and seizures. The baseline of the appellant's argument on this point is that while the police may have had the right to make a warrantless seizure of the jacket, they could not have searched the pockets without a search warrant.

The issue to be determined by this court is whether the trial court correctly admitted this evidence. The defendant's right to challenge the search and seizure as being violative of the Fourth Amendment is based upon the existence of a legitimate expectation of privacy in the place invaded. *United States* v. *Freire*, 710 F.2d 1515 (11th Cir. 1983), citing *Rakas* v. *Illinois*, 439 U.S. 128 (1978).

Both sides rely upon the case of *United States* v. *Alewelt*, 532 F.2d 1165 (7th Cir. 1976). Alewelt left an incriminating brown leather jacket "on a coatrack in the general working area of an outer office where he had no possessory interest." The Seventh Circuit affirmed the holding of the district court that, by leaving the jacket where he did, the appellant "relinquished that degree of control, and reasonable expectation of privacy, necessary to sustain a challenge to the legality of the subsequent search and seizure on Fourth Amendment grounds." The opinion further stated that "while he may not have known that after business hours the door to the office would be left open and the lights left on, he had no reason to expect otherwise." The court also relied upon *Katz* v. *United States*, 389 U.S. 347 (1967), where it was held that a person who knowingly exposes an object to the public cannot expect the protection from unreasonable search and seizure provided by the Fourth Amendment.

This court considered a situation somewhat analogous to the one before us in the case of *State* v. *Tucker*, 268 Ark. 427, 597 S.W.2d 584 (1980). In *Tucker* the accused had moved out of an apartment he shared with the victim of an alleged murder. A search of these premises was conducted and the question presented was whether the evidence received in searching the apartment should have been suppressed. This court, quoting *U.S.* v. *Colbert*, 474 F.2d 174 (5th Cir. 1973), stated:

> The issue is not abandonment in the strict property-right sense, but whether the person prejudiced by the search had voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search.

We held that Tucker's conduct belied his statements that he did not intend to abandon the property.

Another decision a little closer to the facts in this case is *Upton* v. *State*, 254 Ark. 664, 497 S.W.2d 696 (1973). Upton was suspected of committing a crime with a weapon. He had fled from his father's house, where he was residing. Police officers appeared at the house and requested the father to show them the weapons on the premises. In the initial search they observed a 12-gauge shotgun and a 410-gauge shotgun. After learning that the weapon used in the crime was a 16-gauge shotgun, the officers returned to the senior Upton's home. The father again cooperated, went to a barn, and found a green blanket in which the guns were wrapped. The father was in possession and control of the house, and he voluntarily produced the weapons and relinquished possession of them to the officers. In upholding the trial judge's decision in allowing the weapons to be introduced into evidence, we stated: "We perceive no invasion whatever of appellant's right."

In the case of *Maxwell* v. *Stephens*, 348 F.2d 325 (8th Cir. 1965), the Eighth Circuit Court of Appeals upheld the district court's action in finding that the mother of the accused, with whom he lived at the time, did not violate or allow the officers to violate the appellant's rights against unlawful search and seizure by leading the officers to a closet and pointing out a coat which the appellant owned. Maxwell argued that his coat was his personal effect; that it could not be obtained by the police without a search

warrant or consent; and that it was evidentiary material not properly the subject of a search. Disposing of this argument, the court stated: "This argument overlooks the consent of the officers' acquisition of the coat by a person having the proprietary interest in the premises where it was [found]." The opinion further stated that the coat was an item which had freely come into the possession of the party and that the coat had been given to the officers by one who had the right to make it available to them.

■■ The facts in this case reveal that there was actually no search but only a seizure. The same rules apply to a seizure as to a search. We do not find it necessary to decide whether the pistol was in the pocket or wrapped in the jacket when it was seized by the police. It may well be true that the gun was left in Bishop's home in the pocket of the jacket and that upon Bishop's examining the jacket the gun fell to the floor. It is known that Bishop took the gun and the jacket across the street and covered them with leaves. There is no evidence that the appellant made any attempt to recover or retrieve these items. Obviously he had renounced or abandoned his rights to privacy and no longer had any reasonable expectation of privacy in the property. It has not been suggested by anyone that the owner of the property where the jacket and pistol were found expected the articles to remain undiscovered. Therefore, we hold that the trial court's ruling was not clearly against the preponderance of the evidence. See also *State* v. *Osborne*, 263 Ark. 554, 566 S.W.2d 139 (1978).

■ The appellant's second argument is that the trial court erred in failing to grant him a full psychiatric examination or the funds with which to obtain such an examination. In disposing of this motion for extensive psychiatric examination, the trial court noted that the appellant had been examined by a licensed psychological examiner and a psychiatrist, both employed by the Mental Health Department for the state of Arkansas. Nothing in either of the examiner's reports indicated the appellant was psychotic or that he needed further consultation or diagnostic treatment. We disposed of this issue in *Dunn* v. *State*, 291 Ark. 131, 722 S.W.2d 595 (1987). *Dunn* distinguished *Ake* v. *Oklahoma*, 470 U.S. 68 (1985), and held that in the absence of some evidence that additional examination was needed, there was no necessity of obtaining further evaluation. See also *See* v. *State*, 296 Ark. 498, 757 S.W.2d 947 (1988); and *Parker* v. *State*, 292

Ark. 421, 731 S.W.2d 756 (1987).

The third and final argument is that the court erred in failing to grant the appellant a continuance. This request was based upon the fact that the victim was present to testify and that she was obviously in pain and discomfort and communicated this fact to the jury and to the court by means of body language and groans and grunts. The basic rule on this issue is that the decision to grant a continuance is within the discretion of the trial court and will not be reversed unless there is a showing of abuse. *Parker v. State, supra.* The appellant does not cite precedent for this motion and we are unable to find any of record.

One accused of a crime cannot select the terms and circumstances of his trial. The mere fact that a victim of an assault still obviously suffers from the attack or conveys the message otherwise is no grounds for granting a continuance. The victim did not completely distract the jury to the point where a fair trial would have proved impossible. Considering the facts as presented in this case, we are unable to hold that the trial court abused its discretion in continuing with the trial at the time.

Affirmed.