Darrell Allen WILSON *v.* STATE of Arkansas

CR 88-166                                                770 S.W.2d 123

Supreme Court of Arkansas
Opinion delivered May 15, 1989

*Daniel D. Becker*, for appellant.

*Steve Clark*, Att'y Gen., by: *Tim Humphries*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. The appellant was charged and

tried for aggravated robbery and theft of property in Garland County, Arkansas. He had been previously tried in Saline County for the offenses of kidnapping, rape, and battery. All the criminal acts grew out of the same criminal episode which commenced with the robbery in Garland County and ended with the rape and battery in Saline County. The appellant received sentences of forty years and ten years, plus a ten thousand dollar fine in Garland County. For reversal the appellant contends that the court erred in overruling his motion in limine to prevent introduction of the evidence of the subsequent crimes in Saline County when the case was tried in Garland County. We hold that the Garland County Circuit Court did not err in admitting the testimony concerning the Saline County crimes.

We affirmed the appellant's conviction for the Saline County crimes in *Wilson* v. *State*, 297 Ark. 568, 765 S.W.2d 1 (1989). The same facts are applicable to both cases and reveal that on December 5, 1987, a gunman entered a grocery store on Highway 5 in Garland County, Arkansas, and demanded and took money from the cash register. He forced the store operator into a car and drove her to a secluded area in Saline County where she was raped, choked unconscious, and then shot. At the commencement of the trial in Garland County, the appellant confessed that he had indeed committed armed robbery and theft of property as charged. He moved for suppression of the evidence relating to the crimes committed in Saline County. The trial court overruled the motion. There is no separation in time or distance between the Garland County and Saline County crimes, except for the distance and the time it took to drive an automobile between the two points.

Under Ark. Code Ann. § 16-88-108(c) (1987), when a criminal offense "is committed partly in one county and partly in another, or the acts, or the effects thereof, requisite to the consummation of the offense occur in two (2) or more counties, the jurisdiction is in either county."

Arkansas Rules of Criminal Procedure, Rule 23.1(a) provides that the court may consolidate two or more charges for trial purposes if the charges could have been joined in a single indictment or information without prejudice to the defendant's rights to move for severance pursuant to Rule 22.3. Rule 23.1(b)

provides that "the court may order a severance of offenses or defendants before trial if a severance could be obtained on motion of a defendant or the prosecution."

In *Cozzaglio* v. *State*, 289 Ark. 33, 709 S.W.2d 70 (1986), we held that separate crimes committed in one continuous episode in more than one county required joinder if defendant requested it. The defendant had moved for joinder of the kidnapping charge, which occurred in Washington County, and the rape charge, which occurred in Madison County. In *Cozzaglio* we recognized that either county had venue to try either or both charges. We reversed and dismissed the subsequent conviction and sentence in Washington County, holding that the trial court had erred in denying the appellant's motion for joinder of the charges in the first trial. That is not the question in the case before us because no motion for joinder was made by the appellant.

The appellant's argument that evidence of the Saline County crime should not have been submitted was answered by this court in *Thomas* v. *State*, 273 Ark. 50, 615 S.W.2d 361 (1981), where we discussed the procedural matter of allowing evidence of other criminal conduct to be used at trial against an accused for a crime which is not at issue. The court held that "all the circumstances connected with a particular crime may be shown, even if those circumstances would constitute a separate crime."

We will not reverse the trial court's decision to admit evidence unless there has been a clear abuse of discretion. *Gruzen* v. *State*, 267 Ark. 380, 591 S.W.2d 342 (1979). A case in point is *David* v. *State*, 286 Ark. 205, 691 S.W.2d 133 (1985), where we stated that "a defendant is not empowered to prevent the introduction of relevant evidence by stipulating to the fact which such evidence tends to prove. The admission of evidence to prove matters already stipulated is within the discretion of the court."

In view of the fact that the appellant did not seek joinder we hold that he waived that right. For the reasons stated above, the trial court did not commit prejudicial error in allowing evidence of the other crimes to be presented.

Affirmed.