Howard Dewayne BEARD, Jr. *v.* STATE of Arkansas

CR 91-85                        816 S.W.2d 860

Supreme Court of Arkansas
Opinion delivered September 30, 1991

*Terry Garner* and *Larry Dean Kissee*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant Howard Dewayne Beard, Jr., was tried and found guilty of attempted capital murder and aggravated robbery. The trial court dismissed the charge of attempted capital murder and appellant was sentenced as a habitual offender to eighty-five years in the Department of Correction. We find no merit in the four points of error argued on appeal and, accordingly, the judgment of conviction is affirmed.

## I

### The Trial Court Erred in Denying the Appellant's Motion for a Directed Verdict

Bruce Delargy testified that on the evening of December 16, 1989, he was working on a tire when appellant entered Herb's Tire Sales and Service. Appellant asked Delargy for a check which had been returned for insufficient funds. As Delargy walked toward a desk to retrieve the check he heard a "gun snap." He turned and saw appellant holding a cocked pistol. Delargy

lunged for the bathroom and appellant fired, striking Delargy in the left shoulder. When Delargy came out of the bathroom moments later, he saw appellant turning his truck around on the parking lot headed back toward the shop. Delargy locked the front door and hid in the bathroom. He heard appellant fire a second shot, enter the building and fire a third shot through the bathroom door. Delargy could hear appellant rummaging through drawers and when he came out of the bathroom he found appellant had taken the cash register.

Appellant was charged with aggravated robbery, defined in Ark. Code Ann. § 5-12-103 (1987), as robbery while armed with a deadly weapon, or inflicting or attempting to inflict death or serious injury upon another person. Ark. Code Ann. § 5-12-102 (Supp. 1989).

Appellant argues that there was insufficient evidence to support his conviction of aggravated robbery because he left the premises and did not employ or threaten physical force upon Bruce Delargy at the time he stole the cash register.

A defendant's threats or acts of physical force "must occur either *before* the taking (though continuing to have an operative effect until the time of the taking) or *at* the time of the taking" to constitute robbery. 2 W. LaFave & A. Scott, Jr., *Substantive Criminal Law* § 8.11(e) (1986) (emphasis in the original); *see also*, 67 Am. Jur. 2d *Robbery* § 28 (1985). The correlation necessary between the physical force and the theft to sustain a conviction for aggravated robbery was addressed in *Carter v. State*, 295 Ark. 218, 748 S.W.2d 127 (1988), where the appellant argued that while physical force was used to commit a rape, no force was used to commit a subsequent robbery. The prosecutrix testified that during the rape the appellant threatened her with a knife and afterward, when he was going through her purse, she believed he would hit her again. We affirmed the conviction of aggravated robbery. *See also Beed v. State*, 271 Ark. 526, 609 S.W.2d 898 (1980).

Here, even though appellant left the building briefly, his use of a deadly weapon on both occasions provides all the threat necessary to sustain the charge. Looking at the circumstances as a whole, we cannot say as a matter of law there was no connection between the force exerted and the theft of the cash

register. That issue was properly put to the jury.

## II

### The Trial Court Erred in Overruling Appellant's Objection to Testimony From the State Psychiatrist About Statements Made by the Appellant Concerning Other Bad Acts

Dr. O. Wendell Hall, a psychiatrist and the medical director of forensic services at the Arkansas State Hospital, who examined the appellant pursuant to court order, was called as an expert witness during the state's case-in-chief. During the course of direct examination Dr. Hall testified about his examination to determine appellant's mental status with regard to the criminal charges. Asked whether he arrived at a precise diagnosis, Dr. Hall responded:

> I found Mr. Beard to be alert, friendly, seemed to be very willing to talk to me and the other people in the room. Seemed very much at ease talking to us. One of the comments that I remember making about him, he had on a white shirt and he looked real clean and fresh, that he looked cool as a cucumber, and it was a real hot day the day we saw him. And he just looked calm as he could be, talking about what he did. He even seemed to be pretty proud of some of the things that he had done or gotten away with.

The appellant objected and requested a mistrial. He argues that Ark. R. Evid. 503 was violated because the communications between appellant and Dr. Hall were not related to the particular purpose for which the examination was ordered. Instead, appellant argues Dr. Hall was allowed to testify about unrelated acts of misconduct, and his Fifth and Sixth Amendment rights were violated.

We need not dwell on this point. The remarks were only marginally objectionable at best, and certainly not of the magnitude to entail the drastic remedy of a mistrial. *Richmond* v. *State*, 302 Ark. 498, 791 S.W.2d 691 (1990). Moreover, nothing in the quoted excerpt from Dr. Hall's testimony suggests that he was referring to confidential communication made by the appellant. Nor is it at all inferable that the mention of "some of the things [appellant] had done or gotten away with," referred to

other wrongs, if indeed they were that. The remarks may well have been in reference to the very acts in question. Thus, neither Ark. R. Evid. 404(b) nor 503 is applicable.

## III

### *The Trial Court Erred in Denying the Appellant's Motion for Assistance of Expert and Overruling the Appellant's Objection to the Determination of the Appellant's Mental Capacity to Proceed*

Subsequent to the appellant's notice of intent to raise the defense of mental disease or defect the trial judge ordered the appellant sent to the Arkansas State Hospital or the Diagnostic Unit of the Arkansas Department of Correction for a determination of his ability to assist in the preparation and conduct of his defense. Pursuant to the court order an evaluation was conducted by an evaluation team from the Arkansas State Hospital.

Appellant argues that the psychiatric evaluation was inadequate because it lasted only an hour. However, in comparing Dr. Hall's letter of evaluation with the requirements of the report of examination set out in Ark. Code Ann. § 5-2-305(d)(1) through (4) (1987), it is clear there was compliance with the statutory requirement as to a mental examination. *See also Wright* v. *State*, 270 Ark. 78, 603 S.W.2d 408 (1980).

Appellant also moved for the assistance of an expert psychologist and psychiatrist in addition to the court ordered examination. The court denied this motion. Appellant argues that because he relied solely upon the insanity defense it was error to refuse this request. *Ake* v. *Oklahoma*, 470 U.S. 68 (1985). He urges the state is required to provide an indigent defendant with competent psychiatric assistance.

We note that Beard made no preliminary showing that his sanity at the time of the offense was likely to be a significant factor at trial, a threshold requirement under *Ake*. More importantly, we have held that where a defendant is evaluated by the State Hospital, as here, such an evaluation complies with the dictates of *Ake. Branscomb* v. *State*, 299 Ark. 482, 744 S.W.2d 426 (1989); *Wilson* v. *State*, 297 Ark. 568, 765 S.W.2d 1 (1989); *See* v. *State*, 296 Ark. 498, 757 S.W.2d 947 (1988); *Starr* v. *State*, 297 Ark. 26, 759 S.W.2d 535 (1988); *Dunn* v. *State*, 291

Ark. 131, 722 S.W.2d 595 (1987); *Parker v. State*, 292 Ark. 421, 731 S.W.2d 756 (1987).

## IV

*The Trial Court Erred in Overruling the Appellant's Objections to Further Closing Arguments After the Jury Was Instructed on the Appellant's Previous Convictions*

Appellant was charged under the Habitual Offenders Act and a bifurcated trial was conducted on guilt and punishment. Following the guilt phase, verdict forms were submitted to the jury for both the aggravated robbery charge and attempted capital murder. The jury returned a verdict of guilty on both charges. Following the jury verdict the trial court addressed the appellant's prior motion to dismiss on the basis of the same conduct. At that time the state requested the attempted capital murder conviction be dismissed, however, the trial court submitted both charges to the jury at the punishment phase and reserved a ruling on the motion. After the punishment phase was completed the court dismissed the attempted capital murder conviction.

The appellant argues that it was error to submit both the aggravated robbery conviction and the attempted capital murder conviction to the jury for sentencing consideration because it violated the double jeopardy clause to the Arkansas Constitution.

Ark. Code Ann. § 5-1-110(a)(1) and (b)(1)-(2) (1987) provides:

> Conduct Constituting More Than One Offense-Prosecution.
>
> (a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:
>
> (1) One offense is included in the other, as defined in subsection (b) of this section. . .
>
> (b) A defendant may be convicted of one offense included in another with which he is charged. An offense is so included if:

(1)   It is established by proof of the same or less than all the elements required to establish the commission of the offense charged; or (2)   It consists of an attempt to commit the offense charged or to commit an offense otherwise included within it; or

It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish its commission.

■   The general rule is when a criminal offense by definition includes a specified lesser offense, a conviction cannot be had for both offenses under Ark. Code Ann. § 5-1-110. In accordance with the general rule, when the appellant was convicted of both attempted capital murder and aggravated robbery, the conviction for aggravated robbery was set aside under the reasoning that aggravated robbery was the lesser included offense. *Rowe v. State*, 275 Ark. 37, 627 S.W.2d 16 (1982); *Barnum v. State*, 276 Ark. 477, 637 S.W.2d 534 (1982).

The problem here, under the reasoning of *Barnum* and *Rowe*, is that the trial court set aside the attempted capital murder conviction instead of the aggravated robbery charge, ostensibly the less serious crime. Nevertheless, that was in accord with a case decided soon after *Rowe* and *Barnum*. In *Wilson v. State*, 277 Ark. 219, 640 S.W.2d 440 (1982), this Court set aside one of the two convictions based on the *classification* of the crime rather than whether it was a lesser included offense:

While it was necessary for the jury to find petitioner guilty of a felony, i.e., aggravated robbery, to find him guilty of attempted first degree murder, the jury and the legislature clearly considered aggravated robbery to be the more serious crime. The jury's intention can be seen in its verdict specifying 50 years for aggravated robbery and 34 years for attempted murder. The legislative intention can be discerned from the classification at the time of the crime of aggravated robbery as a class A felony, Ark. Stat. Ann. § 41-2102(2) (Repl. 1977), while attempted first degree murder was punishable as a class B felony, Ark. Stat. Ann. §§ 41-703(2), 41-1502(3) (Repl. 1977). Accordingly, the conviction and sentence for the less serious offense, at-

tempted first degree murder, are set aside. The conviction and sentence for aggravated robbery are not disturbed.

*Id.* at 221.

In this case, attempted capital murder is a class A felony Ark. Code Ann. § 5-3-203(1) (1987) and aggravated robbery is a class Y felony. Ark. Code Ann. § 5-12-103 (1987). The jury sentenced Beard to fifty years for the attempted capital murder conviction and eighty-five years for aggravated robbery. Therefore, under the reasoning in *Wilson* the trial court was correct in setting aside the attempted capital murder conviction.

The appellant also argues that it was error to allow additional closing argument in the sentencing phase of the trial because it is not provided for in the statutory provision [Ark. Code Ann. § 5-4-202 (1987)] providing for sentencing procedure for habitual offenders. He maintains it prejudiced him because the prosecutor was able to argue punishment on both convictions. The appellant cites no authority for his contention beyond the language of Ark. Code Ann. § 5-4-502, which gives us no guidance. However, we find some analogy to the procedure in capital cases, *see* Ark. Code Ann. § 5-4-602 (1987), and that, coupled with the trial court's broad discretion in the management of trial proceedings generally, supports the conclusion there was no error.

The appellant's final point is that he should have been allowed to argue mitigation in his closing argument. In *Coley* v. *State*, 304 Ark. 304, 801 S.W.2d 647 (1991), we held that the proper time to introduce mitigating factors was in the guilt-innocence phase.

Affirmed.