Richard Allen DUCK *v.* STATE of Arkansas

CR 01-458                                   61 S.W.3d 135

Supreme Court of Arkansas
[Substituted opinion delivered November 8, 2001]

*Paul Petty* and *Wilson & Associates, P.L.L.C.*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Michael C. Angel*, Ass't Att'y Gen., for appellee.

JIM HANNAH, Justice. Appellant Richard Allen Duck appeals his conviction on drug charges from the Prairie County Southern District Circuit Court. Duck entered a conditional guilty plea pursuant to Ark. R. Crim. P. 24.3(b), and was sentenced to ten years of imprisonment, with four years suspended. Duck challenges the denial of his motion to suppress evidence on the grounds that subjecting a package to a "canine sniff" on the bumper of a UPS truck violated the Fourth Amendment of the United States Constitution and the Arkansas Constitution. We do not reach this issue because Duck has failed to show he had a legitimate expectation of privacy in the package at the time of the complained of search and seizure. The decision of the trial court is affirmed.

*Facts*

In March 1999, Prairie County Sheriff Randy Raper received a tip by a phone call that Duck was engaged in illegal drug activities. Sheriff Raper never identified the caller, but testified he knew who it was. The caller told the sheriff that he knew Duck was receiving drugs through UPS delivery and further stated that the packages containing drugs were being addressed to one of several names. The caller identified the names under which the shipments were received, including that of "Ricky Dutch," noting all would be addressed to Duck's home address and have a California return address. The sheriff then called Mark Hagee, the security representative at UPS, who checked with the driver and then confirmed that "several" packages showing a California return address had indeed been delivered to Duck's home. Through testimony, it was established that "several," in this case, meant at least two. Hagee further told the sheriff that the packages had been sent as overnight deliveries. The sheriff then confirmed this same information with the UPS truck driver. On July 1, 1999, Hagee called the sheriff and notified him that a package meeting the above-noted description would be delivered to Duck that day. It was addressed to "Ricky Dutch."

Sheriff Raper asked UPS for permission to examine the package but was refused. He also asked to put a dog on the truck to do a "canine sniff" for drugs. This request was denied. Hagee told Sheriff Raper that he could either let the package be delivered or come and seize it. Nonetheless, at the sheriff's direction, Deputy Randy Munnerlyn intercepted the UPS truck at the police department in Hazen and spoke to the driver. Raper testified he only wanted to be sure the package was on the truck. He further testified that it was Deputy Munnerlyn's idea to take the next step of asking the driver to take the package out of the truck. Deputy Munnerlyn asked the driver to examine the package.

The driver of the UPS truck was unsure of what he should do. He had had multiple conversations with Hagee about what he should do, but agreed, at Deputy Munnerlyn's request, to drive to an isolated location south of Hazen where he would place the package on the truck bumper. This was done. The driver and Deputy Munnerlyn had to wait for another officer to arrive with the dog. Upon arrival, the dog "alerted" on the package. The

package was then placed back in the truck by the driver and taken to its delivery at Duck's address. As a consequence of the stop and "canine sniff," the package was delivered an hour and twenty minutes later than that required under the one-day delivery guarantee. Deputy Munnerlyn followed. Sheriff Raper was not present at this time. He was obtaining a search warrant for Duck's home. He later arrived, and he and Deputy Munnerlyn waited. Duck pulled in his driveway, got out of his vehicle, and picked up the package. Deputy Munnerlyn and the sheriff moved in and arrested Duck. The house was searched, but no contraband was found.

Duck made a conditional plea of guilty under Ark. R. Crim. P. 24.3(b), and a suppression hearing was held to determine if the package would be suppressed. Sheriff Raper testified at the hearing that he recognized the voice of the caller but declined to identify the person. He admitted he had not used this person as an informant before, and thus, the person had no history of reliability. Deputy Munnerlyn testified, as did the officer handling the dog. Mr. Hagee also testified. The motion to suppress was denied, the court finding there was no basis for the search warrant on the house, but that the detention and canine sniff were not illegal. Duck appealed.

### Standing

The issue we must first address in a Fourth Amendment analysis is whether Duck had a legitimate expectation of privacy in the subject package. *Rakas v. Illinois*, 439 U.S. 128 (1978). Duck was not present when the package was subjected to the canine sniff. To that point, the package had never been in his possession. Further, it was addressed to 'Ricky Dutch' rather than Richard Duck. He has failed to show he was the addressee. Duck nonetheless asserts his Fourth Amendment rights were violated when the package was subjected to a canine sniff while still in the possession of UPS.

Before we may consider the legality of the search and seizure at the UPS truck, we must determine if Duck has Fourth Amendment rights that will allow him to challenge the search and seizure. Fourth Amendment rights are personal in nature and may not be asserted vicariously. *Rakas, supra.* A person who is aggrieved

by an illegal search and seizure only through introduction of evidence secured by the search of a third person's premises or property has not had any of his Fourth Amendment rights violated. *Alderman v. United States*, 394 U.S. 165 (1969). To assert Fourth Amendment rights, one must have a legitimate expectation of privacy at stake. *Simpson v. State*, 339 Ark. 467, 6 S.W.3d 104 (1999).

█ Appellant was arrested upon picking up the package off the porch. Under current law, mere possession of the package does not confer "automatic standing" upon Appellant to raise a Fourth Amendment challenge. *United States v. Lewis*, 738 F.2d 916, 919 (8th Cir. 1984) (citing *United States v. Salvucci*, 448 U.S. 83, 92-93 (1980)). He must, therefore, otherwise have a legitimate expectation of privacy in the package at the time of the search and seizure at the UPS truck.

██ Duck bore the burden of showing he had a legitimate expectation of privacy in the package because he moved to suppress the evidence from the search and seizure. The proponent of a motion to suppress bears the burden of establishing that his Fourth Amendment rights have been violated. *McCoy v. State*, 325 Ark. 155, 925 S.W.2d 391 (1996). The right to invoke the Fourth Amendment exclusionary rule depends on the existence of the defendant's substantive Fourth Amendment rights. *Mazepink v. State*, 336 Ark. 171, 987 S.W.2d 648 (1999); *State v. Hamzy*, 288 Ark. 561, 709 S.W.2d 397 (1986) (citing *Rakas v. Illinois*, 439 U.S. 128 (1978)). Thus, we must determine:

> Whether the challenged search and seizure violated the Fourth Amendment rights of a criminal defendant who seeks to exclude the evidence obtained during it. That inquiry in turn requires a determination of whether the disputed search and seizure has infringed an interest of the defendant which the Fourth Amendment was designed to protect.

*Rakas*, 439 U.S. at 140. In *Mazepink, supra*, this court stated that evidence under the Fourth Amendment should not be excluded unless the court finds that an unlawful search or seizure violated the defendant's own constitutional rights; his rights are violated only if the challenged conduct invaded his legitimate expectation of privacy, rather than that of a third party. *Hamzy, supra* (citing *United States v. Payner*, 447 U.S. 727 (1980); *Rakas, supra.*))

■ At issue is a UPS package. The law is clear that under the Constitution of the United States, the Fourth Amendment provides protection of letters and other sealed packages because they are in the general class of effects in which the public at large has a legitimate expectation of privacy, and that warrantless searches of such items are presumptively unreasonable. *United States v. Jacobsen*, 466 U.S. 109 (1984). This is so even when letters and sealed packages are sent by private carrier. *Id.*

[6-9] However, although letters and sealed packages enjoy such protection in relation to the sender and the addressed receiver while in the possession of a carrier, this does not mean that just any ultimate recipient necessarily enjoys such protection. *United States v. Villarreal*, 963 F.2d 770, 774 (5th Cir. 1992). The affidavit for warrant of arrest states that the package intercepted and subjected to a "canine sniff" was addressed to Ricky Dutch. That is not the Appellant's name. The anonymous caller told Sheriff Raper that packages of drugs had been sent to, among other names, Ricky Dutch. The only evidence in the record is the noted affidavit and testimony of Sheriff Raper, Deputy Munnerlyn, and Mr. Hagee. Neither the package at issue nor a photograph of the package was submitted for consideration and proof. Although Appellant asserts in his brief that the package was addressed to him, he offered no such proof. He has failed to show the required personal expectation of privacy necessary to assert the claim of illegal search and seizure occurring prior to delivery to his home. Where the package is addressed to someone other than the person challenging the search and seizure, there cannot be the required expectation of privacy. *United States v. Daniel*, 982 F.2d 146, (5th Cir. 1993). We also note that, at best, the name on the package was an alias involved in a criminal scheme. A defendant does not have a legitimate expectation of privacy in a package addressed to an alias name where that alias name is part of a criminal scheme. *Daniels, supra; People v. Lombardo*, 549 N.W.2d 596 (Mich. App. 1996).

■ "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Rakas*, 439 U.S. at 133. We hold that because Appellant has failed to provide proof that he was the addressee on the subject package, he lacked the expectation of privacy required in the package to assert a Fourth

Amendment challenge to the actions of the Prairie County Sheriff's Department. Therefore, the trial court's decision declining to suppress the package is hereby affirmed. Because Duck had no legitimate expectation of privacy in the package, we need not address the issue of whether examination of the package while in the possession of UPS violated the Fourth Amendment.

Affirmed.