SLIP OPINION

Cite as 2016 Ark. 368

# SUPREME COURT OF ARKANSAS

No. CR–16–643

|  |  |  |
|---|---|---|
| MICHAEL EUGENE REA | | **Opinion Delivered** October 27, 2016 |
| | APPELLANT | |
| V. | | PRO SE MOTIONS FOR EXTENSION OF TIME TO FILE BRIEF, REQUESTING CERTIFIED COPIES OF RECORDS, TO USE 12-POINT TYPEFACE [SALINE COUNTY CIRCUIT COURT, NO. 63CR-13-39] |
| STATE OF ARKANSAS | | |
| | APPELLEE | APPEAL DISMISSED; MOTIONS FOR EXTENSION OF TIME TO FILE BRIEF AND TO USE 12-POINT TYPEFACE MOOT; MOTION FOR CERTIFIED COPIES OF RECORDS DENIED. |

## PER CURIAM

On December 5, 2013, appellant Michael Eugene Rea was found guilty by a Saline County jury of four counts of computer exploitation of a child in the first degree and of twenty counts of distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child for which he was sentenced to an aggregate term of 3720 months' imprisonment. This court affirmed his convictions and sentences. *Rea v. State*, 2015 Ark. 431, 474 S.W.3d 493. Rea subsequently timely sought and was denied Arkansas Rule of Criminal Procedure 37.1 (2013) postconviction relief. Rea lodged an appeal in this court from the denial of postconviction relief. Now before this court are Rea's pro se motion for extension of time to file brief, motion for certified copies of records, and motion to use 12-point typeface.

SLIP OPINION

When it is clear from the record that the appellant cannot prevail if an appeal of an order that denied postconviction relief were permitted to go forward, we dismiss the appeal. *Wheeler v. State*, 2015 Ark. 233, 463 S.W.3d 678 (per curiam); *see also Justus v. State*, 2012 Ark. 91. As it is clear from the record that Rea could not prevail on appeal, the appeal is dismissed. The dismissal of the appeal renders the motion for extension of time to file brief and motion to use 12-point typeface moot.

In making a determination on a claim of ineffective assistance of counsel, we assess the effectiveness of counsel under the standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 688 (1984), whereby a petitioner must demonstrate that counsel made errors so serious that it prejudiced the outcome of the trial. *Sartin v. State*, 2012 Ark. 155, at 2–3, 400 S.W.3d 694, 697–98. Under the *Strickland* standard, the reviewing court indulges in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. The defendant claiming ineffective assistance of counsel has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id*. In order to satisfy the prejudice part of the *Strickland* test, the petitioner must show that counsel's deficient performance prejudiced the defense, such that there is a reasonable probability that the outcome of his trial would have been different absent counsel's errors. *Id*. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id*.



In his Rule 37.1 petition, Rea first argued that his trial counsel was ineffective for failing to file a motion to suppress evidence as fruit of an illegal search and seizure based on two searches—specifically, the search of the CDs contained in his backpack and the search of his home. Rea contends that a third party told the Malvern Police Department that Rea's backpack was in her vehicle. The Malvern Police Department then took possession of the backpack and contacted Rea to retrieve it, and "[w]ith absolutely no indication of illegal activity, police had *no legal authority to search the contents of specific CD's* inside [Rea's] backpack. Police could have obtained permission or a warrant." (Emphasis added.) Because counsel did not object to the warrantless search, Rea claimed he was prejudiced by the viewing of the CDs, which constituted an illegal search. The trial court found that— although Rea admitted the backpack was his, he denied ownership of the CDs, some of which had images depicting him and the juvenile victim, T.S.—because Rea denied ownership of the CDs, he did not have standing to assert a Fourth Amendment challenge to their seizure. Additionally, the trial court noted that Rea was contacted to come to the Malvern Police Department to retrieve his backpack, which he did not do, and in failing to do so, he abandoned his property. Because Rea abandoned his property, he abandoned his privacy interest in the property and its contents and could not assert a Fourth Amendment challenge. The trial court further noted that the backpack was turned over by a third party, a private citizen, and that a search by a private citizen raises Fourth Amendment concerns only if the person conducting the search acts at the request or direction of the government or is engaged in a joint endeavor with the government. The trial court's order stated that

Rea's failure to retrieve his property required the Malvern Police Department to inventory his property, a process during which the pornographic images on the CDs were found.

An appellant must have standing to assert Fourth Amendment rights because those rights are personal in nature. *Wilson v. State*, 2014 Ark. 8. Whether an appellant has standing depends on whether he manifested a subjective expectation of privacy in the area searched and whether society is prepared to recognize that expectation as reasonable. *Wilson*, 2014 Ark. 8, at 14 (citing *Stokes v. State*, 375 Ark. 394, 399, 291 S.W.3d 155, 158 (2009)). Under the Fourth Amendment, evidence should not be excluded unless the court finds that an unlawful search or seizure violated the defendant's own constitutional rights. *Mazepink v. State*, 336 Ark. 171, 987 S.W.2d 648 (1999). A defendant's rights are violated only if the challenged conduct invaded his legitimate expectation of privacy, rather than that of a third party. *Id.* The proponent of a motion to suppress bears the burden of establishing that his Fourth Amendment rights have been violated. *See Gaylord v. State*, 354 Ark. 511, 127 S.W.3d 507 (2003).

At trial, Chad Meli, a special agent with the Arkansas Attorney General's Office, testified that, prior to the search of Rea's residence, he had been contacted by the Malvern Police Department regarding items from Rea's backpack.[1] Pictures were printed from the CDs from the backpack, and Special Agent Meli took some of the printed photos with him to Rea's residence. A camera, an SD card, and the CDs were taken from the backpack.

---

[1]This court takes judicial notice of the record on direct appeal. *Davis v. State*, 2013 Ark. 118 (per curiam).

Rea testified he had packed a backpack to go with some friends for a weekend getaway. He had packed clothes, a camera, and an SD card but had not packed any CDs in the backpack. After donating plasma in Little Rock to get some money, his friends left him, taking his backpack, and he did not see his backpack again. Rea testified that someone must have placed the CDs in his backpack because they did not belong to him.

Rea lacked standing to assert a Fourth Amendment challenge to the search and seizure of the CDs.[2] Rea specifically denied that the CDs belonged to him. *See Dixon v. State*, 327 Ark. 105, 111, 937 S.W.2d 642, 646 (1997) (Dixon would have personal Fourth Amendment rights to a gun itself found during a traffic stop but had no possessory interest in a truck or canvas bag to grant him standing to challenge the intrusion into the truck or the search of the canvas bag.). Because Rea lacked standing to challenge the search and

---

[2]Rea made no challenge to the search of the backpack itself, to which he arguably had an admitted possessory interest. However, that argument was not raised in Rea's Rule 37.1 petition below, and he could not raise it on appeal now because he is limited by the scope and nature of the arguments raised below and cannot add additional or factual substantiation on appeal. *Echols v. State*, 2016 Ark. 225 (per curiam), *reh'g denied* (July 21, 2016); *Ward v. State*, 2015 Ark. 325, at 8, 469 S.W.3d 350, 355 (per curiam), *reh'g denied* (Mar. 31, 2016). Even if he had made the specific Fourth Amendment challenge to the search of the backpack, Rea would have been unsuccessful. The trial court's order noted that the backpack and CDs were abandoned when Rea failed to retrieve them from the Malvern Police Department. The issue is not abandonment in the strict property-right sense, but whether the person prejudiced by the search had voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search. *Wilson v. State*, 297 Ark. 568, 571, 765 S.W.2d 1, 2 (1989) (citing *United States v. Colbert*, 474 F.2d 174 (5th Cir. 1973)). At trial, Rea admitted he did not see his backpack after leaving the plasma donation center, and, although he was asked by the Malvern Police Department to retrieve the backpack, his failure to do so was a failure to recover or retrieve his personal items, i.e., he abandoned his backpack and the contents therein. *See Wilson*, 297 Ark. at 572, 765 S.W.2d at 3. By abandoning his backpack, Rea abandoned his rights to privacy, and he no longer had any reasonable expectation of privacy in the property, the backpack, or its contents. *See id.*

seizure of the CDs, his trial counsel was not ineffective for failing to file a motion to suppress regarding those CDs. Where it is asserted that counsel was ineffective for failure to make a motion or argument, the petitioner must show that the motion or argument would have been meritorious because the failure to make a motion or argument that is meritless is not ineffective assistance of counsel. *Pigg v. State*, 2016 Ark. 108, at 7, 486 S.W.3d 751, 756 (per curiam), *reh'g denied* (Apr. 14, 2016); *see Camargo v. State*, 346 Ark. 118, 55 S.W.3d 255 (2001). Trial counsel was not ineffective for failing to make a meritless motion to suppress, and the trial court properly denied Rea's request for relief. *See Camp v. State*, 2015 Ark. 90, 457 S.W.3d 276 (There is no reason to address both components, the deficiency and prejudice prongs, of the inquiry for ineffective-assistance claims if the defendant makes an insufficient showing on one.).

In his Rule 37.1 petition below, Rea argued trial counsel was ineffective for failing to investigate "probable cause issues" when Special Agent Meli contacted Rea's probation/parole officer, Ken Ogden, and had Ogden assist in a probationary home visit which led to the seizure of property. Specifically, he contends trial counsel was ineffective for failing to suppress the search and seizure of evidence from Rea's home because the "home visit" was utilized to circumvent the requirement of probable cause or a warrant.

The affidavit for warrant of arrest included in the record in this appeal indicates that a "home visit was conducted at the residence of Michael Rea, pursuant to the conditions of his probation." Also included in the record were the terms and conditions of Rea's probation—signed and dated on June 20, 2011—which included the condition that he submit his "person, place of residence, and motor vehicle to search and seizure at any time,

day or night, with or without a search warrant, whenever requested to do [so] by any Department of Community Correction Officer." At his trial, Rea testified that he read and signed a *Miranda* waiver form after which he admitted he had taken photographs of T.S. because he believed taking photographs of a sixteen-year-old was legal because it was a consenting age. Rea further testified that he signed consent-to-search forms for a Travelstar hard drive, a Hitachi hard drive, and a Maxtor hard drive. Rea's mother allowed the investigators to take a Toshiba laptop. Rea stated that he allowed the investigators to have access to any of the items that they wanted because he had "nothing to hide" and that he "didn't ask for a warrant … [he] let them have it." Rea admitted he was on probation and was a registered sex offender.

Warrantless searches of probationers have been upheld and the supervision of probationers is a "special need" of the state, permitting impingement upon privacy that would not be constitutional if applied to the public at large. *Williams v. State*, 321 Ark. 344, 349, 902 S.W.2d 767, 770 (1995); *see also Cherry v. State*, 302 Ark. 462, 467, 791 S.W.2d 354, 356 (1990) (per curiam) (citing *Griffin v. Wisconsin*, 483 U.S. 868 (1987)). The special needs of the parole and probation process call for intensive supervision of the parolee and probationer, making the warrant requirement impractical. Here, acts arose that indicated Rea's involvement with possession of CDs containing child pornography. Although a parole/probation officer's ability to conduct a warrantless search is not unlimited, and such a search must be reasonably conducted, the facts here suggested reasonable grounds to investigate whether Rea had violated the terms of his probation. *See Williams*, 321 Ark. 344, 902 S.W.2d 767.

Contrary to Rea's assertions, probable cause is not required during a probationary search, and the probationary "home visit" was not a means to circumvent a warrant requirement—particularly in light of Rea's consent to search, which he signed granting the investigators permission to search for the electronic evidence that he argued trial counsel should have suppressed. Trial counsel was not ineffective for failure to make a motion or argument where petitioner has failed to show that the motion or argument would have been meritorious, because the failure to make an argument that is meritless is not ineffective assistance of counsel. *Sims v. State*, 2015 Ark. 363, 472 S.W.3d 107.

In his Rule 37.1 petition, Rea also argued that he suffered "double jeopardy violations because all offenses charge the same transaction and include elements of the same offense." He further argued that, although trial counsel moved for a directed verdict "on the issue[,]" referencing Arkansas Code Annotated section 5-27-602 (Repl. 2006), trial counsel was ineffective "for not making a pre-trial motion to dismiss all [b]ut one of each alleged felony offense and Petitioner suffered prejudice by excessive sentence in violation of statute and constitutional protection." The trial court denied relief, finding that Rea had raised this same argument in his direct appeal, which had been adjudicated and was no longer cognizable.

While a double-jeopardy claim is a fundamental claim that can be raised for the first time in a Rule 37.1 proceeding, *Rowbottom v. State*, 341 Ark. 33, 37, 13 S.W.3d 704, 706–07 (2000), Rea has previously raised this same argument in his direct appeal, *Rea*, 2015 Ark.

SLIP OPINION

431, at 7, 474 S.W.3d at 498.[3] *See Sherman v. State*, 2014 Ark. 474, at 8, 448 S.W.3d 704, 711 (per curiam) (Appellant could have raised double-jeopardy claim for the first time in his Rule 37.1 proceeding but he merely failed to establish any error in his case.). Rea admitted that he "unsuccessfully argued this claim on direct appeal and [this court] denied his claim that section 5-27-602 imposed multiple prosecutions for the same offense in violation of the double jeopardy clause." Because this court has previously addressed and upheld the circuit court's ruling on this very issue, we will not address it again now. *See, e.g., Anderson v. State*, 2015 Ark. 18, at 7, 454 S.W.3d 212, 218 (per curiam) (Notwithstanding the fact that sufficiency challenges are not cognizable in postconviction proceedings, this court had addressed the sufficiency of the evidence on direct appeal and upheld the judgment.). To the extent Rea contends trial counsel should have made a pretrial motion regarding the double-jeopardy issue, the double-jeopardy issue raised during the directed-verdict motion was clearly unsuccessful in the direct appeal, and trial counsel is not ineffective for failure to make a motion or argument when petitioner has failed to show that the motion or argument would have been meritorious, because the failure to make an argument that is meritless is not ineffective assistance of counsel. *Sims*, 2015 Ark. 363, 472 S.W.3d 107.

---

[3]This court held that that section 5-27-602 does not impose multiple prosecutions for the same offense in violation of the double jeopardy clause. Instead, the statute permits separate prosecutions for the knowing possession of "any" prohibited photograph or videotape. As stated by the Pennsylvania Supreme Court in *Commonwealth v. Davidson*, 938 A.2d 198, 222 (Pa. 2007), those who violate a statute by possessing numerous images are "not entitled to a volume discount." Consequently, the trial court did not err by rejecting Rea's argument.

Rea also argued in his Rule 37.1 petition that his appellate counsel was ineffective because counsel failed to research and develop an argument on appeal—similar to his double-jeopardy argument regarding section 5-27-602—regarding the double-jeopardy issue particular to Arkansas Code Annotated section 5-27-605, which caused him to be prejudiced by the loss of a meritorious argument on appeal. The trial court denied Rea's claim, finding that he failed to make a sufficient showing that appellate counsel was ineffective. With regard to claims that appellate counsel was ineffective, this court has recognized that a criminal defendant is entitled to the effective assistance of counsel on direct appeal. *Taylor v. State*, 2015 Ark. 339, at 5–6, 470 S.W.3d 271, 275–76. Additionally, this court has explained that counsel's failure to raise a specific issue must have amounted to error of such magnitude that it rendered appellate counsel's performance constitutionally deficient under the *Strickland* criteria. *Id.* The petitioner must show that there could have been a specific issue raised on appeal that would have resulted in the appellate court's declaring reversible error. *Id.* It is petitioner's responsibility in a Rule 37.1 petition to establish that the issue was raised at trial, that the trial court erred in its ruling on the issue, and that an argument concerning the issue could have been raised on appeal to merit appellate relief. *Id.* The failure to make a meritless argument on appeal does not constitute ineffective assistance of counsel. *Id.*

In his direct appeal, this court noted that Rea failed to make

> any argument explaining how his multiple convictions under the statute result in a double-jeopardy violation. Although he has quoted the language of the statute, Rea presents no specific argument, as he has for section 5-27-602, that the General Assembly did not intend multiple punishments for the same act. Therefore, addressing a challenge to section 5-27-605 would require this

court to develop an argument on Rea's behalf. However, this court does not research or develop arguments for appellants.

*Rea*, 2015 Ark. 431, at 7, 474 S.W.3d at 498. During Rea's directed-verdict motion, trial counsel argued that Rea "would move on the same basis that we previously articulated with respect to 5-27-602" and that, regarding section 5-27-605, he wanted to "reduce the four counts to actually one count, again, because the statute doesn't spell it out that each photo . . . is its own separate count, that it's also a continuing course of conduct as we just articulated under 5-11-10 [sic], and it would violate the double jeopardy provisions . . . . ."

Notably, Rea's claim regarding appellate counsel's ineffectiveness is conclusory at best. This court will not grant relief on conclusory allegations unsupported by facts because they are insufficient to warrant Rule 37 relief. The burden is entirely on a petitioner to affirmatively support an ineffective-assistance-of-counsel claim with factual substantiation sufficient to overcome the presumption that counsel was effective and to demonstrate that he was prejudiced by counsel's poor representation. *See Chatmon v. State*, 2016 Ark. 126, 488 S.W.3d 501, *reh'g denied* (Apr. 21, 2016). Although raised at trial, Rea made no assertion that the trial court erred or which specific argument appellate counsel should have made on appeal that would have merited appellate relief—outside a general claim that counsel failed to develop an argument and that Rea was prejudiced by losing a meritorious appellate issue. *Taylor*, 2015 Ark. 339, at 5–6, 470 S.W.3d at 275–76. Simply put, Rea has failed to establish that appellate counsel was ineffective. The record is clear that Rea failed to establish that he was entitled to postconviction relief, and his appeal is dismissed, rendering his motion for extension of time moot.

Finally, we address Rea's motion requesting "certified copies of records," which should be treated as a motion for copies at public expense. Specifically, he requests certified copies of the Malvern Police Department Offense/Incident Report, Complaint No. 12-010136, Arkansas Attorney General Special Investigations Division Offense/Incident Report, Complaint No. 12-010136, and the trial transcript to help him properly prepare his brief on appeal.

To be entitled to copies at public expense, a petitioner must demonstrate a compelling need for the copies as documentary evidence to support an allegation contained in a timely petition for postconviction relief. *Carter v. State*, 2010 Ark. 82 (per curiam); *Avery v. State*, 2009 Ark. 528; *Bradshaw v. State*, 372 Ark. 305, 275 S.W.3d 173 (2008) (per curiam). Rea does not request copies of the record lodged in this postconviction appeal, and he has cited no reason that he should need a copy of the trial transcript at public expense.

When the request for a free copy of the material is made after the direct appeal has been completed, a petitioner is not entitled to free copying of any material on file with this court merely because he contends that he is indigent. *See Mendiola v. State*, 2013 Ark. 92 (per curiam); *see also Daniels v. State*, 2012 Ark. 124 (per curiam). Whether the appeal was to this court or to the Arkansas Court of Appeals,[4] a petitioner seeking copies at public expense must show a compelling need for the copy to support a specific allegation contained

---

[4]With respect to postappeal motions that seek a copy at public expense of transcripts lodged in an appeal or other material on file with either this court or the court of appeals, this court rules on the motions because such motions are considered to be requests for postconviction relief. *Mendiola*, 2013 Ark. 92; *Daniels*, 2012 Ark. 124 (citing *Williams v. State*, 273 Ark. 315, 619 S.W.2d 628 (1981) (per curiam)).

in a timely petition for postconviction relief. *See Mendiola*, 2013 Ark. 92; *see also Vance v. State*, 2012 Ark. 254 (per curiam).

Rea only contends that he requires the use of the certified copies of the two above-noted incident reports—neither of which are contained in the sealed record in Rea's direct appeal in case number CR-14-555—and a copy of the trial transcript to prepare his brief for appeal but has otherwise made no showing of compelling need. It should further be noted that when material in a direct appeal or other proceeding in this court is placed under seal, it is sealed for good cause after careful consideration. *Ward v. State*, 2013 Ark. 250 (per curiam). Motions to release sealed materials are decided on a case-by-case basis, and Rea's claim to a copy of the record at public expense falls far short of demonstrating that he is entitled to a copy of any material on file with this court, regardless of whether it be sealed or not. *Id.*

Appeal dismissed; motions for extension of time to file brief and use 12-point typeface moot; motion for certified copies of record denied.