Cite as 2025 Ark. 95

# SUPREME COURT OF ARKANSAS

**No.** CR-24-538

| | | |
|---|---|---|
| | | **Opinion Delivered:** May 29, 2025 |
| TERRY EUGENE BREAK | | |
| | APPELLANT | APPEAL FROM THE BOONE COUNTY CIRCUIT COURT |
| V. | | [NO. 05CR-19-160] |
| STATE OF ARKANSAS | | HONORABLE JOHN R. PUTMAN, |
| | APPELLEE | JUDGE |
| | | <u>AFFIRMED</u>. |

**SHAWN A. WOMACK, Associate Justice**

In 2021, Terry Break was convicted of forty-one counts of child sexual abuse offenses. This court affirmed his convictions in 2022.[1] Shortly thereafter, he filed a Rule 37 petition for postconviction relief, claiming his trial counsel's performance amounted to ineffective assistance. In his petition, he claimed trial counsel's performance was ineffective for failure to (1) preserve a sufficiency-of-the-evidence argument related to the convictions for rape, second-degree sexual assault, and sexual indecency with a child; (2) object when the prosecutor made comments during closing about him lying ; (3) to move for a mistrial when the prosecutor allegedly shifted the burden of proof; and (4) object to a biblical reference in the prosecutor's closing. The Boone County Circuit Court denied relief on each claim.[2] Break appeals. We affirm.

---

[1] *Break v. State*, 2022 Ark. 219, 655 S.W.3d 303.

[2] During its ruling, the circuit court independently found that a jury instruction regarding the statutory definition of "sexually explicit conduct" omitted the word "or," which it

## I. *Facts and Procedural Background*

In November 2021, a Boone County jury found Terry Break guilty of six counts of rape, three counts of second-degree sexual assault, three counts of sexual indecency with a child, twelve counts of engaging children in sexually explicit conduct for use in a visual or print medium, and seventeen counts of distributing, possessing, or viewing child pornography. There were three minor victims in that case. The circuit court imposed six life sentences plus 488 years' imprisonment along with $425,000 in fines and court costs. This court affirmed Break's convictions and sentence on direct appeal.[3]

Break then filed a petition for postconviction relief under Rule 37, claiming ineffective assistance of counsel.[4] The circuit court held an evidentiary hearing on May 18, 2023. Break called only one witness—his trial counsel—who was asked six cursory questions and only one question about his performance at trial. The sole question about performance was whether he understood the necessity of objecting at trial to preserve appellate arguments. Trial counsel answered, "Certainly." Break's appellate attorney then rested, stating that "the rest is argument." No further testimony was elicited from trial counsel with respect to any of the arguments Break raises on appeal.

Relevant to this appeal, Break raised the following four arguments to the circuit court. First, Break argued that the State failed to prove the element of sexual gratification or desire

---

concluded impermissibly required the jury to find that the State had proved *all* statutory definitions instead of *any one* definition. On that basis—though not raised in Break's petition—the court dismissed the twenty-nine counts that relied on the flawed instruction. The State did not cross-appeal the dismissal of those convictions.

[3] *See supra* note 1.

[4] *See supra* note 2.

with respect to the offenses of rape, second-degree sexual assault, and sexual indecency with a child.[5]  He claimed that, at best, the State presented circumstantial evidence as to the "sexual gratification or desire" element of these offenses.  As a result, he claims trial counsel was ineffective for failing to raise this specific argument and preserve it for appellate review.  The circuit court disagreed that the State failed to prove "sexual gratification or desire," finding "there was more than sufficient circumstantial evidence presented at trial from which the jury could have inferred that Break's actions toward the victims were taken for the purpose of sexual gratification or desire."  Thus, it concluded that trial counsel was not ineffective for failing to raise this issue.  As a result, it denied relief on this claim.

Second, Break argued that trial counsel was ineffective for failing to move for a mistrial after the prosecutor asserted during her closing argument that Break is a liar.  The circuit court also denied relief on this claim.  It found that Break had mischaracterized the prosecutor's comment because it was directly aimed at Break's statement to police in which he admitted he

---

[5]As charged in this case, a person commits rape if he engages in deviate sexual activity with another person who is less than fourteen years of age.  Ark. Code Ann. § 5-14-103(a)(3)(A) (Repl. 2013).  Deviate sexual activity "means any act of sexual gratification involving the penetration, however slight, of the anus or mouth of a person by the penis of another person or any body member by another person."  Ark. Code Ann. § 5-14-101(1)(A)–(B) (Repl. 2013).  Also as charged, a person commits sexual indecency with a child if, with the purpose to arouse or gratify a sexual desire of himself or a sexual desire of any other person, the person purposely exposes his sex organs to another person who is less than fifteen years of age.  Ark. Code Ann. § 5-14-110 (Repl. 2013).  Alternatively, as charged here, a person commits sexual indecency with a child if, being eighteen years or older, he or she caused or coerced another person who is less than fourteen years of age to expose his or her sex organs.  Ark. Code Ann. § 5-14-110(2), (5).  Finally, as charged here, a person commits sexual assault in the second degree if, being eighteen years of age or older, the person engages in sexual contact with another person who is less than fourteen years of age and not the person's spouse.  Ark. Code Ann. § 5-14-125(a)(3) (Repl. 2013).  Sexual contact is defined in pertinent part as "an act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person."  Ark. Code Ann. § 5-14-101(11).

had not told the truth in a videotaped statement that was admitted into evidence and shown to the jury.[6] Thus, the court concluded that trial counsel was not ineffective for failing to raise this issue.

Break's third argument was that trial counsel was ineffective for failing to move for a mistrial when the prosecutor allegedly shifted the burden of proof during opening statements. Break claimed the "prosecutor told jurors to pay attention to '[Break's] answer, or lack thereof' when the prosecutor presented a recording of a custodial interrogation to the jury about the allegations that formed the basis of the charges." He claimed this statement violated his Fifth Amendment right to remain silent and thus "shifted the burden of proof." The circuit court again denied relief on this point, finding that the opening statements about what Break did or did not say were directly aimed at the statements Break made during his videotaped interview with investigators, where the prosecutor exhorted the jurors "to notice in [the] interview the defendant['s] demeanor." The circuit court further noted that the prosecutor's statement related to Break's evasive responses to questions posed to him in the videotaped interview and was not a comment on, or veiled reference to, Break's failure to testify. Thus, the court concluded that trial counsel was not ineffective for failing to raise this issue.

Finally, Break argued that trial counsel should have objected to the prosecutor's reference during closing arguments to Psalms 82, a Bible verse, which reads as follows:

> [d]efend the weak and the fatherless. Uphold the cause of the poor and the oppressed. Rescue the weak and the needy. Deliver them from the hand of the wicked.

---

[6]In addition, the circuit court's order pointed to other specific instances in Break's questioning at which Break admitted that he had not told the truth, including Break's denial that pornographic photographs would be found on his computer and his denial and subsequent admission that he took some of the photographs of the minor victims.

Break alleged that referencing a Bible verse and claiming that he is wicked served no purpose other than to inflame the jury and that it violated his constitutional right to an impartial trial. The circuit court found that the prosecutor's argument was improper but nevertheless denied relief because it concluded that counsel's failure to object was not ineffective performance. This was due to Break's failure to present any proof regarding trial counsel's decision.

Break now appeals the circuit court's denial of his petition for postconviction relief.

## II. *Standard of Review*

We reverse the denial of a Rule 37 petition only if the circuit court's ruling is clearly erroneous—that is, if we're firmly convinced a mistake was made after reviewing the totality of the evidence.[7]

Claims of ineffective assistance of counsel are evaluated under *Strickland's* two prong- test.[8] First, the petitioner must show that counsel's performance was deficient—that is, so serious that counsel failed to function as the "counsel" guaranteed by the Sixth Amendment—overcoming the strong presumption that counsel acted within reasonable professional judgment.[9] To overcome that presumption, the petitioner must identify specific, unreasonable errors—judged from counsel's perspective at the time.[10] Vague or unsupported

---

[7] *See Springs v. State*, 2012 Ark. 87, at 3, 387 S.W.3d 143, 147; *Boyle v. State*, 362 Ark. 248, 249, 208 S.W.3d 134, 135 (2005).

[8] *See Watson v. State*, 2014 Ark. 203, at 3, 444 S.W.3d 835, 838–39; *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

[9] *Id.*

[10] *Pollard v. State*, 2014 Ark. 226, at 3 (per curiam).

claims will not suffice.[11] When claiming that counsel failed to object or argue something, the petitioner must show that the objection or argument would have been meritorious.[12] Failure to make a meritless objection, motion, or argument is not deficient performance.[13]

Second, the petitioner must demonstrate prejudice by proving a reasonable probability that, but for counsel's errors, the outcome would have been different.[14] Unless both *Strickland* prongs are satisfied, an ineffective-assistance claim will not prevail. As a result, it is not necessary to address both prongs if the petitioner fails as to one.

### III. *Discussion*

Break claims his trial counsel was ineffective in four instances and that the circuit court erred in finding to the contrary. Specifically, he claims trial counsel failed to (1) preserve a sufficiency-of-the-evidence argument related to the convictions for rape, second-degree sexual assault, and sexual indecency with a child; (2) object when the prosecutor made comments during closing about him lying; (3) move for a mistrial when the prosecutor allegedly shifted the burden of proof; and (4) object to a biblical reference in the prosecutor's closing. His arguments are without merit as Break fails to identify a single instance in which trial counsel's performance was deficient under *Strickland*. Accordingly, the circuit court properly denied post-conviction relief.

---

[11] *Greene v. State*, 356 Ark. 59, 66–67, 146 S.W.3d 871, 877 (2004).

[12] *Rea v. State*, 2016 Ark. 368, at 6, 501 S.W.3d 357, 362.

[13] *Id.*

[14] *Id.*

A. The circuit court correctly denied Break's claim that trial counsel was ineffective for failing to preserve sufficiency challenges to his convictions of rape, sexual indecency with a child, and second-degree sexual assault.

Break argues that his trial counsel should have preserved a challenge to the State's proof of "sexual gratification or desire" for the offenses of rape, sexual indecency with a child, and second-degree sexual assault. This ineffective assistance claim fails under the first prong of *Strickland* because Break has not overcome the presumption that counsel's performance was reasonable. In other words, he has not shown that counsel acted deficiently. His claim rests on the notion that counsel should have raised meritless arguments—but counsel is not ineffective for declining to pursue baseless claims.[15]

In making this argument, Break disregards the nature of the criminal acts as described by the minor victims and baselessly insists that only direct evidence of sexual gratification can satisfy this element. That is not the law. For decades, this court has held that direct proof of sexual gratification is unnecessary where it is a naturally plausible motive for the conduct.[16] As the circuit court correctly found, the record fully supports the element of sexual gratification or desire for each offense.[17]

The evidence at trial included testimony from three victims as well as law enforcement. MC 1 testified that he was thirteen years old. He said that from the time he

---

[15] *Id.*

[16] *See Break v. State*, 2022 Ark. 219, at 6, 655 S.W.3d 303, 308; *Caple v. State*, 2020 Ark. 340, 609 S.W.3d 630; *State v. Coble*, 2016 Ark. 114, at 4–5, 487 S.W.3d 370, 372–73; *Rounsaville v. State*, 374 Ark. 356, 360, 288 S.W.3d 213, 216 (2008); *Farmer v. State*, 341 Ark. 220, 223, 15 S.W.3d 674, 676–77 (2000); *Strickland v. State*, 322 Ark. 312, 909 S.W.2d 318 (1995); *Warren v. State*, 314 Ark. 192, 862 S.W.2d 222 (1993); *McGalliard v. State*, 306 Ark. 181, 813 S.W.2d 768 (1991); *Williams v. State*, 298 Ark. 317, 766 S.W.2d 931 (1989).

[17] *See supra* note 7.

was about four years old, his family lived next door to Break and that he went to Break's house two or three times a week. MC 1 said that he played video games there and slept with Break in his bed. MC 1 recalled Break watching him bathe in the bathtub and taking showers naked with him. He also said that Break took photos of him naked in the house. According to MC 1, "[a]t least once every time [he] went over there," Break put his penis into MC 1's mouth. MC 1 said Break would also take MC 1's hand and put it on Break's penis while he slowly fell asleep.

MC 2 was fifteen years old at the time of the trial. He said that Break performed anal sex on him more than once and forced him to perform anal sex on Break. MC 2 also said that Break performed oral sex on him. Additionally, MC 2 said that Break washed him in the bathtub, including his back and buttocks. MC 2 further testified that Break took photographs of him and MC 1 naked together.

MC 3 was fifteen years old at the time of the trial. He testified that he spent numerous nights at Break's house and slept with Break most of the time. He said that Break sometimes slept naked. MC 3 recalled that Break would wash his hair and his body, including his back, buttocks, and between his legs. Break would be naked when he bathed MC 3 and sometimes showered with him. MC 3 said that on more than one occasion, Break placed MC 3's hand on Break's penis and went to sleep. MC 3 said that Break once put his penis into his mouth. MC 3 said that Break took pictures of him naked. He also said that on one occasion, Break gave him a drink, which caused him to fall asleep on the couch. When he woke up, he was in his underwear in Break's bed and his "butt hole" was sore.

An Arkansas State Police investigator assigned to the case testified that he interviewed Break and that Break's pattern of providing the minor victims—who all came from underprivileged homes—with food, gifts, and activities, was a psychological plan known as "grooming" in order to sexually exploit vulnerable children.

Given the nature of the acts as described by the minor victims and law enforcement, the circuit court properly concluded that "there was more than sufficient circumstantial evidence . . . from which the jury could have inferred that Break's actions . . . were taken for the purpose of sexual gratification or desire." Break's argument is therefore without merit, and counsel was not deficient for choosing not to raise it. The circuit court correctly denied this claim.

> B. The circuit court correctly denied Break's claim that trial counsel was ineffective for failing to object to or move for a mistrial based on the prosecutor's closing argument, which referred to Break as a "proven liar."

Next, Break claims that trial counsel was ineffective for failing to object to, or move for, a mistrial based on the prosecutor's closing argument referring to him as a "proven liar." This second ineffective-assistance claim also fails under the first *Strickland* prong because Break again has not overcome the presumption that counsel acted reasonably.

As a general rule, a decision not to object during closing argument—absent egregious misstatements—is a permissible tactical choice.[18] Courts give such decisions considerable deference, and there is a strong presumption that counsel's performance falls within the wide

---

[18]*Nichols v. State*, 2017 Ark. 129, at 9, 517 S.W.3d 404, 411.

range of reasonable professional judgment.[19] Break offers no evidence to rebut that presumption here.[20]

At the postconviction hearing, Break called only his trial counsel as a witness but did not question him about this specific strategic decision. That omission is critical. Moreover, the circuit court found that Break mischaracterized the prosecutor's remark, which was not a personal attack but a fair comment on Break's videotaped admission that he had lied to police. Break conceded that he had not told the truth about the presence of pornographic images on his computer and initially denied taking certain photos of the victims.

A prosecutor's argument that is supported by or reasonably inferred from the evidence is not improper.[21] Because the remark at issue reflected Break's own admissions and was grounded in the record, counsel was not deficient for declining to object. The circuit court correctly rejected this claim.

> C. The circuit court properly denied Break's ineffective-assistance claim based on trial counsel's failure to object to a remark made during the prosecutor's opening statement.

Break's third claim is yet another conclusory allegation, unsupported by evidence and devoid of legal analysis. He argues that trial counsel was ineffective for failing to object to a remark during the prosecutor's opening statement in which the prosecutor allegedly told jurors to pay attention to Break's "answer, or lack thereof" during the playback of a

---

[19] *Lee v. State*, 2017 Ark. 337, at 16, 532 S.W.3d 43, 56.

[20] *See Buck v. Davis*, 580 U.S. 100, 118–19 (2017); *Pollard v. State*, 2014 Ark. 226, at 3.

[21] *Nichols*, 2017 Ark. 129, at 9, 517 S.W.3d at 410.

custodial interrogation related to the charges. Break contends this violated his Fifth Amendment right to remain silent and impermissibly shifted the burden of proof.

But as with his prior claims, Break introduced no evidence to support this theory. Trial counsel was not questioned at the evidentiary hearing about this issue, leaving the record silent on whether counsel's decision was reasonable.

Even assuming the remark warranted scrutiny, it was not improper in context. The circuit court correctly found that the prosecutor's comment referred to Break's own recorded interview with law enforcement rather than his decision not to testify at trial. The prosecutor simply asked jurors to observe Break's demeanor during that interview. Such remarks, tied to evidence already before the jury, are not improper.[22] Here, the prosecutor fairly referenced Break's evasiveness during the interrogation—not his silence at trial or any supposed burden-shifting.

Because any objection would have lacked merit, counsel was not ineffective for declining to make it.[23] The circuit court properly rejected this claim.[24]

---

[22] *Rounsaville v. State*, 2011 Ark. 236, at 3.

[23] *Rea*, 2016 Ark. 368, at 6, 501 S.W.3d at 362.

[24] Even if the remark were improper, Break failed to show prejudice under *Strickland*'s second prong. The jury was clearly and repeatedly instructed that arguments by counsel are not evidence, that the State bore the burden of proof beyond a reasonable doubt, and that Break was presumed innocent and had no obligation to testify or prove anything. Jurors are presumed to follow such instructions, which mitigates any potential impact from an isolated statement during opening remarks. The argument that the comment affected the trial's outcome is speculative at best. The strength of the State's case further undercuts any claim of prejudice. The jury watched the full videotaped statement referenced by the prosecutor and heard testimony from multiple minor victims and the lead investigator, and it saw admitted photographs recovered from Break's computer. Given the volume and quality of this evidence, there is no reasonable probability that the jury would have reached a different result had defense counsel objected to the opening remark.

11

D. The circuit court correctly rejected Break's claim that trial counsel was ineffective for not objecting to a biblical reference made during the prosecutor's closing argument.

As with his prior claims, Break presented no evidence at the evidentiary hearing regarding counsel's decision-making—only unsupported argument. Once again, his claim fails for lack of proof that counsel's performance was deficient.

Even assuming that the prosecutor's biblical reference was improper—which it was not—Break's argument still falls short. This court has long recognized that the decision not to object during closing argument can be a valid strategic choice.[25] And here, the record supports a clear strategy: defense counsel planned to invoke his own biblical references during sentencing, which he did. Whether wise in hindsight or not, that decision falls well within the broad range of reasonable professional assistance. The circuit court thus did not clearly err in finding no deficiency.[26]

IV. *Conclusion*

In sum, ineffective-assistance claims require more than conclusory allegations. They must demonstrate that counsel's errors were so serious that they deprived the defendant of

---

[25]*Gay v. State*, 2022 Ark. 23, at 17; *Howard v. State*, 367 Ark. 18, 44, 238 S.W.3d 24, 44 (2006).

[26]Break also failed to show prejudice. The jury was expressly instructed that closing arguments are not evidence, which mitigates any potential impact from the prosecutor's remark. And the State's case against Break was overwhelming: it included testimony from multiple minor victims, corroborating statements from law enforcement, and photographic evidence of Break's exploitation. In light of the strength of that evidence, there is no reasonable probability that the biblical reference—or an objection to it—would have changed the outcome.

a fair trial.  Break has not met that standard.  He has shown neither deficient performance nor prejudice on a single claim.  For this reason, the circuit court's denial of relief is affirmed.

Affirmed.

Special Justice TIFFANY BROWN joins.

WOOD, J., concurs.

BRONNI, J., not participating.

*LaPorte-Jenner Law, PLLC*, by: *Frank LaPorte-Jenner* and *Kelli LaPorte-Jenner*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.